IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE, TENNESSEE

| | |
|---|---|
| HENDRICKS & LEWIS PLLC, a Washington professional limited liability company, | Misc. Case No. 3:13-mc-00183 |
| | Judgment No. 2:10-CV-00253 |
| Plaintiff and Judgment Creditor, | District Judge Haynes |
| | Magistrate Judge Bryant |
| v. | |
| GEORGE CLINTON, Judgment Debtor, and BROADCAST MUSIC, INC., Garnishee, | |
| Defendants. | |

## AGREED ORDER

These matters came before the Court on the following motions: (1) Motion of Plaintiff and Judgment Creditor Hendricks & Lewis PLLC ("Plaintiff") for Conditional Judgment of Garnishment or to Compel Garnishee Broadcast Music, Inc. to Comply with Garnishment and Pay Money into Court for Release to the Judgment Creditor (the "Plaintiff's Motion") [Docket Entry No. 1] and (2) the Motion of Broadcast Music, Inc. ("BMI") to Approve Deposit of Funds and the Release and Discharge of Broadcast Music, Inc. (the "BMI Motion") [Docket Entry No. 15]. In addition to Plaintiff's Motion and the BMI Motion, BMI filed a "Counter-claim, Cross-Claim and Third-Party Claim for Interpleader" against Counter-Defendant, Hendricks & Lewis, PLLC, Cross-Claim Defendant, George Clinton ("Clinton"), and Third-Party Defendant, United

States of America, by and through the Internal Revenue Service ("IRS") (the "Interpleader Claims") [Docket Entry No. 14].

Plaintiff and BMI wish to resolve the Plaintiff's Motion, the BMI Motion and the Interpleader Claims by agreement. Accordingly, the Court finds, based upon the agreement of the parties, as evidenced by the signatures of counsel, as follows:

1. BMI shall deposit funds totaling $80,393.07 (the "Current Royalties") into the registry of the Court and the Clerk is authorized to accept those funds into the registry of the Court, pursuant to Fed. R. Civ. P. 22 and 67;

2. BMI shall deposit any future amounts of royalties that may become due (the "Future Royalties") into the registry of the Court and the Clerk is authorized to accept those funds into the registry of the Court, pursuant to Fed. R. Civ. P. 22 and 67;

3. Upon deposit of the Current Royalties, BMI shall be released and discharged from any further liability to Plaintiff, except to the extent of the continuing requirement to deposit Future Royalties into the registry of the Court;

4. BMI shall not seek to recover any fees or costs against Plaintiff in connection with this matter;

5. Plaintiff shall not seek to recover any fees or costs against BMI in connection with this matter;

6. This Agreed Order resolves Plaintiff's Motion and the BMI Motion in their entirety; and

N CHG 1019107 v2
2928592-000001 03/07/2014

7. Plaintiff shall proceed to request a judicial declaration of the respective rights and obligations of Plaintiff, Clinton and the IRS with regard to the Current Royalties and Future Royalties.

BY THE COURT:

_____
MAGISTRATE JUDGE

3-11-14

N CHG 1019107 v2
2928592-000001 03/07/2014